**Monica MELENDEZ–MOZO, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70560.
Agency No. A77–336–279.

United States Court of Appeals, Ninth Circuit.

Submitted April 1, 2004.*

Decided April 6, 2004.

Russell Jauregui, Elena Yampolsky, Carlos Vellanoweth, John Wolfgang Gehart, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed.   R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Hillel Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before THOMAS, W. FLETCHER, and BEA, Circuit Judges.

### MEMORANDUM**

Monica Melendez–Mozo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order pretermitting her application for cancellation of removal because she failed to meet the ten-year continuous presence requirement. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of due process violations, and will reverse the BIA's decision only "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000). We deny the petition.

Melendez–Mozo contends that the IJ denied her due process by failing to give her advanced notice that she would be questioned about her date of entry into the United States at a status hearing that had been scheduled to address issues related to good moral character.

This contention fails because the IJ acted within his authority by questioning the petitioner. *See* 8 U.S.C. § 1229a(b)(1) (authorizing IJ to "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses[ ]"). Moreover, Melendez–Mozo has not shown that the proceedings were so fundamentally unfair that she was prevented from reasonably presenting her case. *Cf. Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002) (concluding that failure to allow the petitioner to present oral testimony constitutes a denial of right to due process).

We do not consider the exhibits attached to Melendez–Mozo's supplemental record because they were not part of the administrative record. *See Fisher v. INS,* 79 F.3d 955, 964 (9th Cir.1996) (en banc).

Because petitioner does not challenge the BIA's vacatur of the IJ's grant of voluntary departure, that issue is waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) (concluding that petitioner waived an issue by failing to address it in the opening brief).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.